1  Elissa D. Miller (CA Bar No. 120029)
       emiller@sulmeyerlaw.com
2  Claire K. Wu (CA Bar No. 295966)
       ckwu@sulmeyerlaw.com
3  **SulmeyerKupetz**
   A Professional Corporation
4  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California  90071-1406
5  Telephone: 213.626.2311
   Facsimile:  213.629.4520
6
   Attorneys for Diane C. Weil, Chapter 7 Trustee
7

8

9              **UNITED STATES BANKRUPTCY COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| 11  In re | Case No. 1:18-bk-10762-VK |
| 12  JAIME R. LARA, | Chapter 7 |
| 13         Debtor. | Adversary No. |
| 14  _____ | **NOTICE OF REMOVAL OF STATE COURT ACTION TO BANKRUPTCY COURT** |
| 15  BENJAMIN C. LARA, | [28 U.S.C. § 1452; Fed. R. Bankr. P. 9027] |
| 16         Plaintiff, | [No Hearing Required] |
| 17       vs. | |
| 18 | |
| 19  JAIME R. LARA, an individual, DIANE E. LARA, an individual, GREATERLA | |
| 20  ESCROW, Inc., an entity, JAIME ROMERO LARA AND DIANE ELISE LARA, JOINT | |
| 21  LIVING TRUST, and Does 1 through 20, inclusive, | |
| 22 | |
| 23         Defendants. | |

24

25

26

27

28

CKW\ 2627065.2

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, BENJAMIN C. LARA, AND TO ALL OTHER PARTIES ENTITLED TO NOTICE:**

PLEASE TAKE NOTICE of the following:

## REMOVAL

1.     Pursuant to 28 U.S.C. § 1452, Rule 9027 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9027-1(a), Diane C. Weil, the duly appointed, qualified, and acting chapter 7 trustee (the "Trustee") for the estate (the "Estate") of the above-captioned debtor Jaime R. Lara (the "Debtor" or "Defendant") in the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division, Bk. Case No. 1:18-bk-10762-VK (the "Bankruptcy Case"), hereby removes, in its entirety, the state court action presently pending in the Superior Court of the State of California, County of Los Angeles, entitled *Benjamin C. Lara v. Jaime R. Lara, Diane E. Lara, GreaterLA Escrow, Inc., Jaime Romero Lara and Diane Elise Lara, Joint Living Trust, and DOES 1 through 20, inclusive,* bearing Case No. LC 107218 (the "Action"), to the above-entitled Bankruptcy Court.

## BRIEF BACKGROUND

2.     On March 26, 2018 (the "Petition Date"), the Debtor commenced the Bankruptcy Case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  Diane C. Weil was appointed as the Trustee and has been serving in that capacity since.

3.     Following the Trustee's appointment, the Trustee determined that, prior to the Petition Date, the Debtor and his now estranged wife, Diane E. Lara ("Diane") owned residential real property located at 742 Andover Drive, Burbank, California (the "Property"), which Property was the Community Property of the Debtor and Diane.

4.     The Trustee also determined that, prior to the Petition Date, in May 2017, Diane commenced a legal separation proceeding, and the Debtor and Diane sold the Property. Thereafter, pursuant to an order of the Family Law Court, $20,000 of the proceeds from the sale was released to each of Diane and the Debtor, and the balance of the proceeds (the "Balance") was to be held in escrow pending further court orders.

1    5.    The Trustee is informed and believes and thereon alleges that escrow closed on

2  July 13, 2017.  According to an escrow statement dated April 23, 2018, GreaterLA Escrow, Inc. is

3  holding a total of $372,051.78.

4    6.    On May 10, 2018, after the Petition Date, Benjamin C. Lara ("Plaintiff") commenced

5  the Action by filing a verified complaint against the Debtor and other named defendants (the

6  "Complaint") in the Superior Court of the State of California, County of Los Angeles (the "State

7  Court").  The Complaint seeks, among other relief, a determination of the ownership rights of the

8  Balance.  A true and correct (a) file-stamped copy of the Complaint, and (b) copy of the State Court

9  docket are appended hereto as Exhibit 1 and Exhibit 2, respectively.

10    7.    The Trustee is informed and believes and thereon alleges that, based on the State

11  Court docket, no defendant has yet responded to the Complaint.

12    **BASIS AND SATISFACTION OF REQUIREMENTS FOR REMOVAL**

13    8.    Prior to the present removal, the Action was pending in the Superior Court of the

14  State of California, County of Los Angeles.

15    9.    The Action is a civil action that is not a proceeding pending before the United

16  States Tax Court or a civil action by a governmental unit to enforce such governmental unit's

17  police or regulatory power.

18    10.    This "Notice of Removal of State Court Action to Bankruptcy Court" (the "Notice

19  of Removal") is timely since it was filed within 30 days after receipt, through service or otherwise,

20  of a copy of the initial pleading setting forth the claim or cause of action sought to be removed.

21    11.    The Action may be removed to the United States District Court (the "District

22  Court") for the Central District of California pursuant to 28 U.S.C. § 1452(a).

23    12.    Unless otherwise ordered by the District Court, the removed Action is

24  automatically referred to the United States Bankruptcy Court for the Central District of California

25  (the "Bankruptcy Court") pursuant to 28 U.S.C. § 157(a), General Order Number 13-05 of the

26  United States District Court for the Central District of California, and Rule 9027(e)(1) of the

27  Federal Rules of Bankruptcy Procedure.

28    13.    The Bankruptcy Court has jurisdiction over the Action under 28 U.S.C. § 1334.

1  The Action is a civil proceeding arising in or related to the Bankruptcy Case in that, among other

2  things, it involves claims to community property which are property of the Estate, and matters

3  affecting the administration of assets of the Estate.

4      14.      This Notice of Removal is filed with the clerk of the Bankruptcy Court, as required

5  by Local Bankruptcy Rule 9027-1(a).

6      15.      Upon removal of the Complaint to the Bankruptcy Court, the Action is a core

7  proceeding pursuant to, among other things, 28 U.S.C. § 157(b)(2)(A), (B), and (O), as it is a

8  matter concerning the administration of the Estate since it involves a claim against funds which

9  are property of the Estate pursuant to Bankruptcy Code Section 541.[1]  Therefore, the Bankruptcy

10 Court may hear and determine the Action pursuant to 28 U.S.C. § 157(b)(1).

11                    **CONSENT TO ENTRY OF FINAL ORDERS/JUDGMENTS**

12     16.      Defendant consents to the entry of final orders or judgments by the Bankruptcy

13 Court.

14                    **SUBMISSION OF ALL PROCESS AND PROCEEDINGS**

15     17.      As noted above, attached are true and correct copies of the operative complaint

16 filed with the State Court, and the State Court docket.

17     18.      Defendant will submit any further process and proceedings as necessary and

18 required under applicable Local Bankruptcy Rules.

19                    **FILING OF NOTICE IN STATE COURT**

20     19.      Defendant is concurrently filing the present Notice of Removal with the State

21 Court.

22 ///

23 ///

24 ///

25 ///

26

27 _____
   [1]The Trustee is informed and believes that Diane contends that some or all of the funds are not property of the Estate.

28

1       20.   Pursuant to Rule 9027(c) of the Federal Rules of Bankruptcy Procedures, the

2    parties shall proceed no further in the State Court unless and until the Action is remanded.

3    Dated: June 7, 2018

4

5                                        By:   */s/ Claire K. Wu*

6                                            Elissa D. Miller

                                        Claire K. Wu

7                                            Attorneys for Diane C. Weil, Chapter 7 Trustee

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JAIME R. LARA, an individual, DIANE E. LARA, an individual,
GREATERLA ESCROW, INC., an entity,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BENJAMIN C. LARA

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ORIGINAL FILED
Northwest District

MAY 10 2018

LOS ANGELES
SUPERIOR COURT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court
6230 Sylmar Avenue, Van Nuys, CA 91401

CASE NUMBER:
*(Número del Caso):* LC107218

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Benjamin C. Lara, 1812 W. Burbank Blvd., No. 572, Burbank, CA 91506 (818) 535-6420

DATE: May 8, 2018                          Clerk, by _____, Deputy
*(Fecha)*                                  *(Secretario)*                         *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):* GreaterLA Escrow, Inc.

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
SUMMONS
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

## SUMMONS (Continued Pg. 2)
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

JAIME ROMERO LARA AND DIANE ELISE LARA, JOINT LIVING TRUST, and DOES 1
through 20, inclusive,

1  BENJAMIN C. LARA
2  1812 W. Burbank Blvd., No 572
   Burbank, CA 91506
3  Telephone (818) 535-6420
   laracben@gmail.com
4
5  Plaintiff Pro Se
6
7

ORIGINAL FILED
Northwest District

MAY 10 2018

LOS ANGELES
SUPERIOR COURT

8
9          SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                    COUNTY OF LOS ANGELES
11

| | |
|---|---|
| BENJAMIN C. LARA, | CASE No.: **LC107218** |
| | COMPLAINT FOR GENERAL DAMAGES, AND EQUITALE RELIEF FOR: |
| Plaintiff, | |
| vs. | 1. TEMPORARY AND PERMANENT INJUNCTION; |
| | 2. DECLARATORY RELIEF; |
| JAIME R. LARA, an individual, DIANE E. LARA, an individual, GREATERLA ESCROW, Inc., an entity, JAIME ROMERO LARA AND DIANE ELISE LARA, JOINT LIVING TRUST, and Does 1 through 20, inclusive, | 3. BREACH OF CONTRACT; |
| | 4. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; |
| | 5. FRAUD; |
| | 6. EQUITABLE ESTOPPEL; |
| Defendants. | 7. DEFAMATION. |

1

BENJAMIN LARA'S COMPLAINT FOR DAMAGES

**BENJAMIN C. LARA**, (hereinafter "Plaintiff"), alleges the following causes of action for damages and equitable relief against Defendants as follows:

## PARTIES

1. Plaintiff, BENJAMIN C. LARA, is an individual who resides and does business in the State of California and the State of Texas.

2. Plaintiff is informed and believes that Defendant, JAIME R. LARA, (hereinafter collectively "JAIME" or "Defendant"), is an individual, Plaintiff's father and the husband of Co-Defendant, Diane E. Lara, who formerly resided at the residence known and described as 742 Andover Dr., Burbank, CA 91504 (hereinafter the "Residence") and resides in the State of California.

3. Plaintiff is informed and believes that Defendant, DIANE F. LARA, (hereinafter "Diane" or "Defendant") is an individual and Plaintiff's Mother, and wife of Co-Defendant Jaime Lara, who resided within the State of California at the Residence and Arizona and conducts business within the State of California.

4. Plaintiff is informed and believes that Defendant, GREATERLA ESCROW, INC., (hereinafter "Escrow" or "Defendant") is an entity of unknown origin, who is located in Sherman Oaks, California and conducts business in the State of California, County of Los Angeles and is the wrongful holder of the  Escrow Proceeds of Co-Defendants Jaime and Diane, from the sale of the Residence in Escrow Account No. 10839-AA. Escrow has failed and refused and continues in that failure and refusal to disburse the net proceeds from the sale to Defendants Jaime and Diane despite the provisions of the Escrow Instructions to do so and Defendant Jaime's demands written demand to do so.

2

5. Plaintiff is informed and believes that Co-Defendants Jaime and Diane created Defendant JAIME ROMERO AND DIANE ELISE LARA, JOINT LIVING TRUST, (hereinafter "TRUST"), on September 7, 2011, and Co-Defendants are the appointed Trustees of the Trust, which is located in the State of California, County of Los Angeles and contains real and personal property transferred to the Trust on behalf of the Trustees and their beneficiaries. Co-Defendants transferred Title to their real property located at 742 Andover Dr., Burbank, Ca. 91504, to the Trust and to date the Trust has not been revoked.

6. Plaintiff is ignorant of the true names and capacity of those Defendants sued herein as Does 1 – 20, inclusive and, therefore, sues these Defendants by such fictitious names. Plaintiff will seek leave of this Court to amend his complaint to insert the true names and capacities of these Defendants, with appropriate charging allegations when the same has become known to him.

7. Each of the Defendants herein, was at all material times mentioned herein, the agent of each of the other defendants in doing the things alleged and each defendant acted with the full knowledge and consent of the other defendants as to the actions or inactions alleged herein.

### Factual Background

8. On August 1, 2006, Plaintiff entered into a written personal services Contract (hereinafter "Agreement"), with, Defendant JAIME, in his individual capacity and on behalf of Co-Defendant Diane, for Plaintiff's unique and special construction repair and modification of the Residence. A true, accurate and complete copy of the Agreement is attached here to as **Exhibit A,** and is incorporated herein by this reference.

9.  The Agreement provides, among other things, (a) Benjamin agrees to pay for half of the Bank Mortgage and utilities as his investment; and (b) that in the event of the sale of the house, Benjamin will be reimbursed for his investment including any extra expenses that he would incur beginning on August 1, 2006.

10.  Defendants Jaime and Diane further agreed to fully repay Plaintiff for his services if the Property was sold and to further secure Plaintiff's payment, Defendants Jaime and Diane separately executed a Will and Testament (hereinafter collectively "Will"), dated September 7, 2011, that provided identical provisions which nominates Plaintiff as Executor and the sole beneficiary of the Residence upon their death, excluding their other children from the bequest. On this same date, Defendants Jaime and Diane executed a joint Declaration of Trust (hereinafter "Trust"), where the assets of the Will pours into the Trust, and they transferred all interest in their joint and separate assets and community property to the Trust, including the Residence. To date, the Trust remains in force. Pertinent parts of the Agreement and Trust are set forth below:

**AGREEMENT**

**Paragraph No. 2 & 4**, states:

"2) Considering that we both (I and his Mother Diane) want to make sure that Benjamin and his family do not move away, I agree to compensate for all his time and money investment...

4)  In the event of the sale of the house, Benjamin will be reimbursed for his investment including any extra expenses that he would incur beginning on August 1, 2006."

---

**DECLARATION OF TRUST**

The Jaime Romeo Lara and Diane Elise Lara, Joint Living Trust, dated September 7, 2011

**"1, TRUST PROPERTY**

"(a)  Funding of Trust. The Grantors declare that they have set aside and caused the transfer of all of their rights, title and interest in and to the property described in Annex A, Annex B, Annex C to the Trust for the use benefit and enjoyment of the Beneficiaries named herein…"

**"3. APPOINTMENT OF TRUSTEE**

(a) Jaime Romeo Lara and Diane Elise Lara (each also referred to as an "initial Trustee") shall each be a Trustee of this Trust…
(b) If at any time both Jaime Romeo Lara and Diane Elise Lara cannot serve due to death, disability or incapacity, Benjamin C. Lara shall be the successor Trustee…"

**"6. BENEFICIARIES**

(c) Alternate Beneficiaries. …the Trustee shall distribute all of the remaining property in the Trust to the Beneficiaries named below, after the payment of any just debts and funeral expenses:

1. Specfic Bequests

    None.

2. Residual Assets. All residual property in the Trust, after all Specific Bequests have been made, shall be distributed to the following Beneficiaries in the percentages set forth below:

    Name: Benjamin C. Lara
    Percentage: 100%…"

5

0012

"Annex A

**Shared Trust Property**

All of the Grantors' interest in the following property is transferred into the Trust:

The real property located at:

- 742 Andover Drive
  Burbank, California 91504
  Type of Property: Home…

The following partnership interests:

- 51% interest in Allsystems Bus and Truck"


11.  On May 5, 2017, Defendant Diane commenced a civil action in the Los Angeles Superior Court, Case No. BD 658866, for legal separation against Defendant Jaime. Defendant Diane's complaint names Plaintiff in the proceedings and alleges, among other things, that Plaintiff was somehow complicit with Defendant Jaime, in the operations, collection of receivables, maintenance of the books and records and disbursement of the joint business income, known and described as All Systems Services Bus and Truck Company, (hereinafter "AllSystems").

12.  On or about July 6, 2017, Defendants Jaime and Diane caused the Residence to be sold with the net proceeds to be disbursed through Escrow, who are currently wrongfully withheld by Defendant Escrow. The net proceeds from the sale exceeds Four Hundred Thousand Dollars ($400,000.00).

---

13. On March 26, 2018, Defendant Jaime commence a Chapter 7 Bankruptcy proceeding under the federal bankruptcy codes.

14. On or about March 26, 2018, Defendant Jaime made a written demand under 11 USC 362(a) to Escrow for their immediate release and disburse to him of his undivided one-half interest in and to the net proceeds, pursuant to the Escrow Instructions and federal law, but Escrow has failed and refused and continues in that failure and refusal to disburse his funds to him in violation of 11 USC 362(a) and 11 USC 362(k)(1), thereby causing damages, injuries and other costs and expenses to Defendants and Plaintiff.

15. On or about March 26, 2018, Plaintiff made a written demand upon Defendants Jaime and Diane for the payment of his costs, expenses and investment in the Residence, pursuant to the Agreement in the amount of Three Hundred Seventeen Thousand One Hundred Dollars ($317,100.00). A true, accurate and complete copy of Plaintiff's Invoice for Services is attached here to as **Exhibit B,** and is incorporated herein by this reference. To date, Defendants have not responded to Plaintiff's demand and have failed and refused and continue in that failure and refusal to compensate him under the Agreement and other supporting documents.

## FIRST CAUSE OF ACTION FOR TEMPORARY AND PERMANENT

## INJUNCTION AGAINST ALL DEFENDANTS

16. Plaintiff realleges the allegations set forth in paragraphs 1, through 15, and they are incorporated herein by this reference as if specifically set forth.

7

17.  Beginning in or about August 1, 2006, and continuing to the present time,

Defendants, and each of them, have wrongfully engaged in conduct detrimental to their services

required of them under the Agreement and have purposely interfered with and disrupted the

reimbursement of Plaintiff for the services, investment, costs and expenses he incurred in the

construction, modification and improvements of the Residence. Defendants have now sold the

Residence and have failed and refused and continue in their failure and refusal to reimburse

Plaintiff as they both agreed.

18.  Defendants' wrongful conduct is detrimental to Plaintiff's interest in the net proceeds

from the sale of the Residence and contrary to their Agreement, Will and Trust obligations and

unless and until Defendants conduct is enjoined and restrained by an Order of this Court,

Defendant's wrongful conduct will cause, and continue to cause irreparable injury and damages

to Plaintiff, in that, he will be deprived of the benefit of his bargain pursuant to the Agreement,

Will and Trust of Defendants.

19.  Plaintiff has no adequate remedy at law for the injuries and damages currently being

suffered by Plaintiff, in that, it is impossible for Plaintiff to ascertain or determine the precise

amount of damages which Plaintiff will suffer if Defendants' conduct is not restrained or

enjoined.  Plaintiff will be forced to institute a multiplicity of suits to obtain adequate

compensation for Plaintiff's injuries and damages.

20.  As a result of Defendants' wrongful conduct, Plaintiff has sustained actual damages

in the approximate amount of Three Hundred Seventeen Thousand One Hundred Dollars

($317,100.00) based upon Plaintiff's costs and expenses in performing under the Agreement,

attorney's fees and costs as well as punitive damages in the approximate amount of One

8

BENJAMIN LARA'S COMPLAINT FOR DAMAGES

0015

1    Hundred Thousand Dollars ($100,000.00) for Defendants' wrongful and egregious conduct.

2    Plaintiff will be further damaged and injured in like manner for as long as Defendants' conduct

3    continues.  The full amount of such injuries and damages is not now known to Plaintiff, and

4    Plaintiff will seek leave of this Court to amend his complaint to state such amounts when the

5    same becomes known to Plaintiff.

6

7                    **SECOND CAUSE OF ACTION FOR DECLARTORY RELIEF**

8                                  **AGAINST ALL DEFENDANTS**

9

10        21.  Plaintiff realleges the allegations set forth in paragraphs 1, through 15, and they are

11   incorporated herein by this reference as if specifically set forth.

12        22.  Plaintiff has, by virtue of its valid Agreement, Will and Trust with Defendants Jaime

13   and Diane, and each of them, had full, complete and unobstructed ownership and control over

14   the net proceeds from the sale of the Residence, based upon the Agreement, Will and Trust

15   executed by them until his full and complete reimbursement as set forth herein.

16

17        23.  An actual controversy has arisen and exists over the validity of Plaintiff's

18   Agreement, the Will and Trust with Defendants Jaime and Diane and the ownership rights of

19   that portion of the net proceeds from the sale of the Residence until his full and complete

20   reimbursement.

21

22        24.  A judicial determination is necessary and appropriate at this time to resolve this

23   actual controversy.

24

25        25.  As a result of Defendants' wrongful conduct, Plaintiff has sustained actual damages

26   in the approximate amount of Three Hundred Seventeen Thousand One Hundred Dollars

27   ($317,100.00) One Hundred Forty Four Thousand Three Hundred Dollars  based upon

28                          BENJAMIN LARA'S COMPLAINT FOR DAMAGES

0016

Plaintiff's costs and expenses in performing under the Agreement, attorney's fees and costs as well as punitive damages in the approximate amount of One Hundred Thousand Dollars ($100,000.00) for Defendants' wrongful and egregious conduct. Plaintiff will be further damaged and injured in like manner for as long as Defendants' conduct continues. The full amount of such injuries and damages is not now known to Plaintiff, and Plaintiff will seek leave of this Court to amend his complaint to state such amounts when the same becomes known to Plaintiff.

## THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT

## AGAINST DEFENDANTS JAIME, DIANE AND TRUST

26. Plaintiff realleges the allegations set forth in paragraphs 1, through 15. and they are incorporated herein by this reference as if specifically set forth.

27. Plaintiff has performed all of the services and obligations required of him under the Agreement, Will and Trust, causing a substantial increase in the market value of the Residence, but Defendants, and each of them, have failed and refused and continue in their failure and refusal to reimburse Plaintiff for his costs, expenses, investment and services he performed. Defendants received the benefits of their bargain with Plaintiff with respect to the enhanced value of the Residence due to his services, but otherwise fail to compensate him as a result.

28. Plaintiff has offered to resolve any and all disputes between the parties, but Defendants and each of them, have refused to do so. Plaintiff has made a demand upon Defendants for his repayment as herein alleged, but Defendants refuse to reimburse him.

---

10

29. Defendants and each of them, have breached the Plaintiff's Agreement, Will and Trust, by engaging in the wrongful and malicious conduct of failing to pay Plaintiff as they agreed for his services.

## FOURTH CAUSE OF ACTION FOR BREACH OF CONTRACT

## AGAINST DEFENDANT ESCROW

30. Plaintiff realleges the allegations set forth in paragraphs 26, through 29, and they are incorporated herein by this reference as if specifically set forth.

31. Plaintiff is a third party beneficiary to the Escrow Instructions between Defendants Jaime, Diane and Escrow. Plaintiff has a financial, beneficial interest in the sales proceeds generated from the sale of the Residence. Defendants Jaime, and Diane, are the Defendants intended for Plaintiff to benefit from his services, work investment and improvements of the Residence and the resulting net proceeds from any sale of the Residence prior to their death. At death, Defendants intended for Plaintiff to acquire the full and complete ownership interest of the Residence, because of his efforts to assist them in its improvement and enhancement of its fair market value and their desire to pay him for his services.

32. Pursuant to 11 USC 362(a) and 11 USC 362(k)(1), Escrow is and continues to wrongfully hold and fail to disburse the net proceeds from the sale of the Residence to Co-Defendants. Its wrongful withholding of these proceeds, is a breach of their agreement and is the proximate cause of Defendants' failure to reimburse Plaintiff as set forth herein. Escrow's conduct has resulted in Plaintiff's actual damages, costs and expenses, including attorney's fees and costs.

11

33. Defendant Escrow can and should interplead the net proceeds from the sale of the Residence to the Court in this action, until the full resolution of these proceedings.

## FIFTH CAUSE OF ACTION FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST ALL DEFENDANTS

34. Plaintiff realleges the allegations set forth in paragraphs 30, through 33, and they are incorporated herein by this reference as if specifically set forth.

35. In every contract is an implied promise, a covenant of good faith that requires each party to conduct themselves in good faith under the terms and conditions of the contract and to refrain from doing, or cause to be done, any act or deed which might in any way interfere with or prevent a party from receiving the benefits of the contract.

36. Defendants, and each of them, have breached the covenant of good faith and fair dealing in the Agreement with Plaintiff by intentionally engaging in conduct which has impaired Plaintiff's rights to receive the benefits under their Agreement, Will, Trust, Escrow Instructions. Escrow has breached its obligations to disburse the sale proceeds as alleged herein.

37. As a direct and proximate result of Defendants' wrongful, malicious and conduct, Plaintiff has been damaged monetarily, incurred unnecessary legal fees, costs and expenses and lost revenues from other economic opportunities, all as a result of Defendants' conduct.

38. In doing the wrongful conduct alleged herein, Defendants and each of them, have acted willfully and in conscious disregard of the rights and interest of Plaintiff. Defendants' conduct was willful, malicious ,egregious and irreparable, justifying an award of punitive and exemplary damages in an amount appropriate to punish Defendants and to deter others from

13

BENJAMIN LARA'S COMPLAINT FOR DAMAGES

engaging in similar illegal and reprehensible conduct. Punitive Damages should be awarded against each Defendant in the amount of Three Hundred Thousand Dollars ($300,000.00).

## SIXTH CAUSE OF ACTION FOR FRAUD

## AGAINST DEFENDANT DIANE AND TRUST

39.  Plaintiff realleges the allegations set forth in paragraphs 34, through 38, and they are incorporated herein by this reference as if specifically set forth.

40.  At all times relevant herein, Defendants' conduct, allegations, and each of them, were wrongful, false and misleading representations as to AllSystems, the legality of the Agreement, Will and Trust, and Plaintiff's rights and interest under these documents.

41.  Defendants, and each of them, engaged in concocting a scheme to misrepresent the rights of Plaintiff as well as falsely and fraudulently accusing him of defrauding and misappropriating the funds of Defendant Diane in the operations of AllSystems.

42.  Defendants, and each of them, induced the reliance of the Courts and Defendant Jaime and other third parties in believing that Plaintiff manipulated assets of AllSystems with Defendant Jaime, by naming him as a party in the proceedings and alleging, among other things, that, Plaintiff has somehow acted in concert with Defendant Jaime to deny Defendant Diane her community property interest in the business.

13

BENJAMIN LARA'S COMPLAINT FOR DAMAGES

## SEVENTH CAUSE OF ACTION FOR EQUITABLE ESTOPPEL

## AGAINST DEFENDANTS JAIME, DIANE AND TRUST

43. Plaintiff realleges the allegations set forth in paragraphs 39 through 42, and they are incorporated herein by this reference as if specifically set forth.

44. Plaintiff has justifiably relied upon the representations of Defendants Jaime and Diane with respect to his payment and reimbursements for the services he rendered to them.

45. Defendants have changed their position of paying Plaintiff for his services herein causing Plaintiff irreparable injuries and damages based upon his reliance upon their representations.

46. Defendants, and each of them, should therefore be estopped from adhering to their original representations of paying Plaintiff for his services, expenses, investment as they previously agreed.

## EIGHTH CAUSE OF ACTION FOR DEFAMATION

## AGAINST DEFENDANT DIANE

47. Plaintiff realleges the allegations set forth in paragraphs 39, through 42, and they are incorporated herein by this reference as if specifically set forth.

48. Defendant Diane falsely and fraudulently accused Plaintiff of colluding and conspiring with Defendant Jaime to deprive Defendant Diane of her community property interest in AllSystems.

14

49. Defendant Diane published her false and misleading statements, in that, she named Plaintiff in her civil action for Legal Separation from Defendant Jaime and claimed these facts and circumstances as a basis for his inclusion as a party within this civil action.

50. Defendant Diane's false and misleading statements, caused, and continues to cause injury and damages to Plaintiff, his reputation, family relations with siblings and other third parties through her published statements.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

### ON THE FIRST CAUSE OF ACTION

1. For an Order requiring Defendants to Show Cause, if any they have, why they should not be enjoined as hereinafter set forth, during the pendency of this action; ·

2. For a Temporary Restraining Order, a Preliminary Injunction and a Permanent Injunction, all enjoining Defendants, and each of them, and their agents, servants, and employees, and all persons acting for, under or in concert with them from asserting, any rights, claims or interest in the proceeds from the Residence;

3. For actual damages in the approximate amount of $317,100.00;

4. For general damages in the amount of $100,000.00, plus damages in such further amounts as may be ascertained before final judgment herein;

### ON THE SECOND CAUSE OF ACTION

1. For a Declaration that Plaintiff owns $317,100.00 of the net proceeds from the sale of the Residence;

2. For a Declaration that Defendants owe Plaintiff $317,100.00 from the Residence proceeds and authorizes Escrow to disburse this amount to Plaintiff forthwith;

3. For actual damages in the amount of $317,100.00;

4. For general damages in the amount of $100,000.00;

BENJAMIN LARA'S COMPLAINT FOR DAMAGES

### ON THE THIRD AND FOURTH CAUSES OF ACTION

1.   For general damages in the approximate amount of $100,000.00;
2.   For actual damages in the amount of $317,100.00;

### ON THE FIFTH AND SIXTH CAUSE OF ACTION

1.   For general damages in the approximate amount of $100,000.00;
2.   For actual damages the amount of $317,100.00;
3.   For punitive damages in an amount of $300,000.00;

### ON THE SEVENTH CAUSE OF ACTION

1.   For general damages in the approximate amount of $100,000.00;
1.   For actual damages in the amount of $317,100.00;
2.   For punitive damages in an amount of $300,000.00;

### ON THE EIGHTH CAUSE OF ACTION

1.   For general damages in the approximate amount of  $100,000.00;
2.   For actual damages in the amount of $317,100.00;
3.   For punitive damages in an amount of $300,000.00;

18

BENJAMIN LARA'S  COMPLAINT FOR DAMAGES

**ON ALL CAUSES OF ACTION**

1.   For costs of suit incurred herein;

2.   For interest as allowed by law;

3.   For Attorney's Fees and Costs of suit herein pursuant to Contract;

4.   For such other and further relief as this Court deems just and proper.

Dated: May 8, 2018                    Respectfully submitted,


By _____
          BENJAMIN C. LARA

                Plaintiff, Pro Se

---

17

BENJAMIN LARA'S COMPLAINT FOR DAMAGES

0024

1

**EXHIBITS**

2

3

**1. Exhibit A** - JAIME R. LARA AGREEMENT, Dated AUGUST 1, 2006

4

5

**2. Exhibit B** – BENJAMIN C. LARA INVOICE FOR SERVICES, Dated JUNE 16, 2017

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                         18

28            BENJAMIN LARA'S COMPLAINT FOR DAMAGES

0025

**EXHIBIT A**

# AGREEMENT

### August 1, 2006

Between Jaime R. Lara. Homeowner
742 Andover Dr
Burbank, CA 91504
And:
Benjamin C. Lara
742 Andover Dr
Burbank, Ca 91504

This is an agreement between Jaime R. Lara and Benjamin C Lara, Father and Son as follows:

1) Benjamin will oversee and coordinate the construction and addition of the whole structure of our family residence.

2) Considering that we both (I and his Mother Diane) want to make sure that Benjamin and his family do not move away, I agree to compensate for all his time and money investment.

3) Benjamin agrees to pay for half of the Bank Mortgage and utilities as his investment.

4) In the event of the sale of the house, Benjamin will be reimbursed for his investment including any extra expenses that he would incur beginning on August 1, 2006.

Final Line


_____
Jaime R. Lara. Father

_____
Benjamin C. Lara. Son

0027

# EXHIBIT B



BENJAMIN
# LARA

242 Andover Drive,
Burbank CA 91506
laraclaude@gmail.com
818 585 6490

**Bill To**
## JAIME AND DIANE LARA
242 Andover Drive, Burbank CA 91506

**INVOICE NO**   20170616
Date Issued: June 16, 2017

| DESCRIPTION | QTY | PRICE | TOTAL |
|---|---|---|---|
| **Payments toward mortgage** | 216 | 800.00 | **172,800.00** |
| Home Improvements | | | |
| Main Water line replacement | 1 | 6,500.00 | **6,500.00** |
| Repipe house     Materials $2800 / Labor $3500 | 1 | 6,300.00 | **6,300.00** |
| Air Conditioning - Main House | 1 | 1,300.00 | **1,300.00** |
| A/C Unit | 1 | 2,500.00 | **2,500.00** |
| Furnace | 1 | 1,800.00 | **1,800.00** |
| Garage Conversion     Materials $28,000 / Labor $15,000 | 1 | 43,000.00 | **43,000.00** |
| Garage Plumbing, water line, sewer $2900  / Labor $3000 | 1 | 5,900.00 | **5,900.00** |
| Cement work - side of house | 1 | 6,000.00 | **6,000.00** |
| Cement Patio at rear | 1 | 2,500.00 | **2,500.00** |
| Metal gates fabrication and install | 1 | 5,500.00 | **5,500.00** |
| Brick Wall exterior | 1 | 15,000.00 | **15,000.00** |
| Shed Storage (2) | 1 | 1,000.00 | **1,000.00** |
| Metal lattice frame and work | 1 | 8,000.00 | **8,000.00** |
| Washer / Dryer | 1 | 1,500.00 | **1,500.00** |
| Network/Cable entire house | 1 | 1,500.00 | **1,500.00** |
| Outside brick work near sidewalk | 1 | 2,500.00 | **2,500.00** |
| Trash | 1 | 3,500.00 | **3,500.00** |
| Labor - Management and construction | 1 | 30,000.00 | **30,000.00** |

TOTAL AMOUNT DUE:    317,100.00

0029

# VERIFICATION

I, Benjamin C. Lara, am the Plaintiff herein and authorized to execute this Complaint and Verification. I have personal knowledge of the facts and circumstances set forth herein. I have read the foregoing Verified Complaint and know the contents thereof to be true and correct except as to those matters that are alleged herein based upon information and belief, and to those matters, I believe them to be true and correct.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 8, 2018 , at Burbank, CA 91506.


_____
Benjamin C. Lara

19

BENJAMIN LARA'S COMPLAINT FOR DAMAGES

0030

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| BENJAMIN C. LARA<br>1812 W. BURBANK BLVD, No 572<br>BURBANK, CA 91506<br>TELEPHONE NO.: (818) 535-6420   FAX NO.: | ORIGINAL FILED<br>Northwest District<br><br>MAY 10 2018<br><br>LOS ANGELES<br>SUPERIOR COURT |
| ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS:  6230 SYLMAR AVENUE
MAILING ADDRESS:  VAN NUYS, CA. 91401
CITY AND ZIP CODE:  VAN NUYS
BRANCH NAME:

CASE NAME:
BENJAMIN C. LARA  V.  JAIME R. LARA et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | LC107218<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☑ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

**2.** This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
- a. ☐ Large number of separately represented parties
- b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
- c. ☐ Substantial amount of documentary evidence
- d. ☐ Large number of witnesses
- e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
- f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a.☑ monetary  b.☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive

**4.** Number of causes of action *(specify):*  7

**5.** This case ☐ is  ☑ is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  May 10, 2018

BENJAMIN C. LARA
*(TYPE OR PRINT NAME)*                                           *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | CASE NUMBER | FILE STAMP |
|---|---|---|
| PLAINTIFF(S)/PETITIONER(S) | **LC107218** | ORIGINAL FILED Northwest District |
| | **NOTICE OF: TRIAL SETTING/ CASE MANAGEMENT CONFERENCE/ OSC RE: DISMISSAL** | MAY 10 2018 |
| DEFENDANT(S)/RESPONDENT(S) | | LOS ANGELES SUPERIOR COURT |

**TO THE PLAINTIFF(S) AND THE ATTORNEY OF RECORD:**

YOU ARE HEREBY NOTIFIED THAT THE ABOVE MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES,

INCLUDING TRIAL, TO  JUDGE RUPERT A. BYRDSONG , PRESIDING IN DEPARTMENT **"U"** OF THE

NORTHWEST DISTRICT ON  **SEP. 2 7 2018** AT 8:30 A.M. IN THE SUPERIOR COURT, LOCATED AT

**6230 SYLMAR AVENUE, VAN NUYS, CA 91401.**

You are Ordered to service this notice of hearing to all parties/attorneys of record forthwith and serve a copy of this notice to all parties to the action within 60 days of service of this notice.   The Court orders that except as otherwise ordered in writing, all attorneys (or unrepresented parties as applicable) appear at all scheduled hearings.   All parties/attorneys of record are ordered to meet and confer about the matters to be discussed no later than 30 days before the Case Management Conference (which shall take place approximately 140 days from filing of the complaint).   The complaint must be served on all named defendants and proof of service must be filed with the Court within 60 days after tyhe filing of the complaint.   If all named defendants have not been served and proofs filed before the 60 days have elapsed, application must have been made with Court to extend or otherwise modify Rule CRC 3.110 (b),(c) and (e).

**YOU ARE ORDERED:**

1). To give notice of this hearing and serve a copy of this notice to all parties to the action within 60 days of service of this notice.

2.) To bring to the hearing the original Proof of Service of said notice to all of the other parties served by you.

**ALL PARTIES ARE ORDERED** to have trial counsel, or an attorney thoroughly familiar with the case and trial counsel's calendar, appear at the hearing.

Judge of the Superior Court
Rupert A. Byrdsong

## CERTIFICATE OF SERVICE

☐ I am not a party to the within action, and I certify that I personally served a true copy of the above notice to the plaintiff delivering the copy to the designated representative/attorney service at the time of the filing of the original complaint.

☐ I am not a party to the within action, and I certify that I personally served a true copy of the above notice to the plaintiff or his attorney of record by delivering the copy in person this date to counsel for plaintiff or plaintiff in pro per.

**A CORPORATION MUST BE
REPRESENTED BY A LICENSED
CALIFORNIA ATTORNEY**

BY: _____ , Deputy
S. Romero

0032

# EXHIBIT 2

## CASE INFORMATION

Case Information | Register of Actions | Future Hearings | Party Information | Documents Filed | Proceedings Held

**Case Number:** LC107218
BENJAMIN C LARA VS. JAIME R LARA

**Filing Courthouse:**  Van Nuys Courthouse East

**Filing Date:** 05/10/2018
**Case Type:** Othr Breach Contr/Warr-not Fraud (General Jurisdiction)
**Status:** Pending

## FUTURE HEARINGS

Case Information | Register of Actions | Future Hearings | Party Information | Documents Filed | Proceedings Held

**09/27/2018** at 08:30 am in Department U at 6230 Sylmar Ave., Van Nuys, CA 91401
Conference-Case Management

## PARTY INFORMATION

Case Information | Register of Actions | Future Hearings | Party Information | Documents Filed | Proceedings Held

DOES 1-20 - Defendant

GREATERLA ESCROW INC. - Defendant

JAIME ROMERO LARA AND DIANE ELISE LARA - Defendant

LARA BENJAMIN C - Plaintiff & Plaintiff in Pro Per

LARA BENJAMIN C - Plaintiff

LARA DIANE E - Defendant

LARA JAIME R - Defendant

## DOCUMENTS FILED

Case Information | Register of Actions | Future Hearings | Party Information | Documents Filed | Proceedings Held

**Documents Filed** (Filing dates listed in descending order)
**05/10/2018** Complaint

**05/10/2018** Summons-Issued
Filed by Attorney-Plaintiff

**05/10/2018** Notice-Case Management Conference

## PROCEEDINGS HELD

Case Information | Register of Actions | Future Hearings | Party Information | Documents Filed | Proceedings Held

**Proceedings Held** (Proceeding dates listed in descending order)
None

0033

6/6/2018                                      LASC - Case Access

## REGISTER OF ACTIONS

Case Information | Register of Actions | Future Hearings | Party Information | Documents Filed | Proceedings Held

**Register of Actions** (Listed in descending order)

**05/10/2018** Complaint

**05/10/2018** Summons-Issued
Filed by Attorney-Plaintiff

**05/10/2018** Notice-Case Management Conference

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, CA 90071-1406.

A true and correct copy of the foregoing document entitled (*specify*):  **NOTICE OF REMOVAL OF STATE COURT ACTION TO BANKRUPTCY COURT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 7, 2018 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Elissa Miller on behalf of Trustee Diane C Weil (TR)
emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;emillersk@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Diane C Weil (TR)
DCWTrustee@dgdk.com, dweil@dgdk.com,dweil@ecf.epiqsystems.com,danninggill@gmail.com

☐ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) June 7, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Victoria S. Kaufman
U.S. Bankruptcy Court
Bin on 1st Floor outside entry to Intake Section
21041 Burbank Blvd.
Woodland Hills, CA 91367

Plaintiff
Benjamin Lara
1812 W. Burbank Blvd., No 572
Burbank, CA  91506

Benjamin Lara
5431 Firestar Trail
San Antonio, TX 78222

Jaime Romero Lara and Diane Elise Lara Joint Living Trust
c/o Jaime R. Lara
11050 Runnymede St.
Sun Valley, CA 91352

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) June 7, 2018 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

⊠ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 7, 2018 | Debbie A. Perez | /s/ Debbie A. Perez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                     **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:
**3. SERVED VIA EMAIL:**

Diane E. Lara, individually and on
behalf of the Jaime Romero Lara and Diane
Elise Lara Joint Living Trust
c/o Neal C. Tenen, Esq.
Neal C. Tenen, A Law Corporation
15315 W Magnolia Blvd, Suite 430
Sherman Oaks, CA 91403
tenenlaw@aol.com

GreaterLA Escrow, Inc.
c/o Fredric Jay Greenblatt, Esq.
GreenblattLoveridge
15315 Magnolia Blvd, Suite 328
Sherman Oaks, CA 91403-117
fjg@greenblattlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                           **F 9013-3.1.PROOF.SERVICE**

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>BENJAMIN C. LARA | DEFENDANTS<br>JAIME R. LARA, an individual, DIANE E. LARA, an<br>individual, GREATERLA ESCROW, Inc., an entity,<br>JAIME ROMERO LARA AND DIANE ELISE LARA,<br>JOINT LIVING TRUST, and Does 1 through 20,<br>inclusive |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known)<br>Please see attachment |

**PARTY** (Check One Box Only)

☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin
☒ Creditor ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)

☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor ☒ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Notice of Removal of State Court Action to United States Bankruptcy Court Pursuant to 28 U.S.C. § 1452(a)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001( 1) – Recovery of Money/Property**
☐ 11-Recovery of money/propert y - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001 (2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001( 3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4 ) – Objection/ Revocation of Discharge**
☐ 41-Objection/re vocation of discharge – §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
        actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 70 01(6) – Dischargeability (continued)**
☐ 61 -Dischargeability - §523(a)(5 ), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
        (other than domestic support)
☐ 6 5 -Dischargeability - other

**FRBP 70 01(7) – Injunctive Relief**
☐ 71 -Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 70 01(8) Subordination of Claim or Interest**
☐ 81 -Subordination of claim or interest

**FRBP 70 01(9) Declaratory Judgment**
☐ 91 -Declaratory judgment

**FRBP 70 01(10) Deter mi nation of Remove d Act ion**
☒ 01 -Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court
        if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☐ Demand $ |
| Other Relief Sought | |

American LegalNet, Inc.
www.FormWorkFlow.com

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>JAIME R. LARA | BANKRUPTCY CASE NO.<br>1:18-bk-10762-VK | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>SAN FERNANDO VALLEY | NAME OF JUDGE<br>HON. VICTORIA S.<br>KAUFMAN |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/Claire K. Wu | | |
| DATE<br>June 7, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Claire K. Wu | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.


American LegalNet, Inc.
www.FormsWorkFlow.com

## Attachment to Adversary Proceeding Cover Sheet

**Attorneys for Defendants**

Attorneys for Diane C. Weil, Chapter 7 Trustee

Elissa D. Miller, Esq./Claire K. Wu, Esq.
SulmeyerKupetz, A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California  90071-1406
Telephone:  213.626.2311
Facsimile:  213.629.4520
emiller@sulmeyerlaw.com/ckwu@sulmeyerlaw.com

Attorneys for Diane E. Lara, individually and on
behalf of the Jaime Romero Lara and Diane
Elise Lara Joint Living Trust

Neal C. Tenen, Esq.
Neal C. Tenen, A Law Corporation
15315 W Magnolia Blvd, Suite 430
Sherman Oaks, CA 91403
tenenlaw@aol.com

Attorneys for GreaterLA Escrow, Inc.

Fredric Jay Greenblatt, Esq.
GreenblattLoveridge
15315 Magnolia Blvd, Suite 328
Sherman Oaks, CA 91403-117
fjg@greenblattlaw.com

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Elissa D. Miller (CA Bar No. 120029)<br> emiller@sulmeyerlaw.com<br>Claire K. Wu (CA Bar No. 295966)<br> ckwu@sulmeyerlaw.com<br>**Sulmeyer**Kupetz<br>A Professional Corporation<br>333 South Hope Street, Thirty-Fifth Floor<br>Los Angeles, California  90071-1406<br>Telephone:  213.626.2311<br>Facsimile:  213.629.4520<br><br>☐ *Individual appearing without an attorney*<br>☒ *Attorney for:* Diane C. Weil, Chapter 7 Trustee | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

</div>

| In re:<br>JAIME R. LARA,<br><br><br><br>BENJAMIN C. LARA,<br><div align="right">Debtor(s).</div> | CASE NO.: 1:18-bk-10762-VK<br><br>CHAPTER: 7<br><br>ADVERSARY NO.: |
|---|---|
| <div align="right">Plaintiff(s),</div><div align="center">vs.</div>JAIME R. LARA, an individual, DIANE E. LARA, an individual, GREATERLA ESCROW, Inc., an entity, JAIME ROMERO LARA AND DIANE ELISE LARA, JOINT LIVING TRUST, and Does 1 through 20, inclusive,<br><div align="right">Defendants.</div> | <div align="center">**NOTICE OF STATUS CONFERENCE**<br>**RE REMOVAL OF ACTION**<br><br>**[LBR 9027-1]**</div> |

TO: ALL PARTIES IN REMOVED ACTION, ANY TRUSTEE APPOINTED IN THE BANKRUPTCY CASE, AND THE U.S. TRUSTEE: A Notice of Removal of Action (Removal Notice) was filed under 28 U.S.C. §1452(a), FRBP 9027 and LBR 9027-1(a). A copy of the Removal Notice accompanies this Notice of Status Conference (Status Conference Notice).

| |
|---|
| Removing Party: Diane C. Weil, Chapter 7 Trustee of the bankruptcy estate of Jaime R. Lara |
| Date of Filing of Removal Notice: June 7, 2018 |
| Court/division from which action is removed: Superior Court of the State of California, County of Los Angeles, Northwest District |
| Case No. of Removed Action: LC 107218 |

1) **Status Conference** – A status conference on the Removal Notice has been set for:

| | |
|---|---|
| Hearing date:<br><br>Time:<br><br>Courtroom: | Address:<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

<div align="center">

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

</div>

2) **Service of Status Conference Notice** – Pursuant to LBR 9027-1(b)(3), no later than 14 days after the Status Conference Notice is issued and filed, the party who filed the Removal Notice must serve the Status Conference Notice on all parties to the removed action, any trustee appointed in the bankruptcy case, the United States trustee, and a judge's copy as provided in the Court Manual.

3) **Preserving Right to Jury Trial** – Pursuant to LBR 9027-1(e), no later than 14 days after service of the Removal Notice (plus an additional 3 days if you were served by mail, electronically or pursuant to F.R. Civ. P. 5(b)(2(D),(E) or (F)), a party to the removed action must comply with LBR 9015-2 to preserve any right to trial by jury.

4) **FRBP 9027(e)(3) Statement** – Pursuant to FRBP 9027(e)(3), no later than 14 days after the filing of the Removal Notice (plus an additional 3 days if you were served by mail, electronically or pursuant to F.R. Civ. P. 5(b)(2(D),(E) or (F)),, a party to the removed action (other than the party who filed the Removal Notice) must file with the clerk the statement required under FRBP 9027(e)(3) and serve the statement upon all other parties to the removed action.

5) **Litigation Documents** – Pursuant to FRBP 9027(a)(1) and 9027(e)(2), and LBR 9027-1(d), subject to LBR 9027-1(d)(2)(B), no later than 30 days after the filing of the Removal Notice, the party who filed the Removal Notice must file with the clerk, all of the following items pertaining to the action being removed:

    (a)  A copy of the docket from the court where the removed litigation was pending; and

    (b)  A copy of every document reflected on the docket, whether the document was filed by a party or entered by the court. These copies must be provided in chronological order according to the date the document was filed.

6) **Joint Status Report** - Pursuant to LBR 7016-1(a)(2), no later than **14 days prior to the Status Conference**, all parties to this adversary proceeding must participate in filing a joint status report (JSR) and deliver a judge's copy as required in the Court Manual. The JSR must be prepared according to the instructions set forth on the court's website at www.cacb.uscourts.gov.

KATHLEEN J. CAMPBELL, CLERK OF COURT

Date: _____          By: _____
                                                     Deputy Clerk

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

*December 2014*                               Page 2                **F 9027-1.NOTICE.STATCONF.REMOVAL**